T.C. Summary Opinion 2002-103


UNITED STATES TAX COURT


PHIL E. ANDERSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6039-01S.                    Filed August 6, 2002.


Phil E. Anderson, pro se.

<u>Richard J. Hassebrock</u>, for respondent.


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time that the petition was filed.[1]  The decision to be entered in this case is not reviewable by any other court, and this opinion should not be cited as authority.

_____

[1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for 1998, the taxable year in issue.

Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1998 in the amount of $4,347.

The issues for decision by the Court are as follows:

(1) Whether petitioner is entitled to deductions for dependency exemptions for his five children.  We hold that he is not.

(2) Whether petitioner is entitled to a child tax credit and additional child tax credit.  We hold that he is not.

(3) Whether petitioner is entitled to head of household filing status.  We hold that he is not.

(4) Whether petitioner is entitled to an earned income credit.  We hold that he is not.

An adjustment to the amount of petitioner's standard deduction is a purely mechanical matter, the resolution of which is dependent on our disposition of the disputed issue regarding petitioner's filing status.

Background

This case was deemed to be submitted fully stipulated, and the facts stipulated are so found.[2]  Petitioner resided in

---

[2]  Petitioner did not appear in court when this case was called for trial.  In contrast, counsel for respondent appeared and stated that he had been served by petitioner with a Motion to Withdraw Appeal.  Counsel indicated that under these circumstances, respondent was inclined to move to dismiss the case for lack of prosecution.  However, the Court, after learning that petitioner had executed a stipulation of facts, intimated that it would not favorably regard such a motion and proposed
(continued...)

Canton, Ohio, at the time that his petition was filed with the Court.

Originally, petitioner and Viola S. Allison (Ms. Allison), f.k.a. Viola S. Anderson, were married and had five children, three sons and two daughters. In or about 1995, petitioner and Ms. Allison were divorced.

At all relevant times, Ms. Allison had legal custody of the five children and was the residential parent pursuant to the operative divorce instrument. In contrast, petitioner had visitation rights and was obliged to pay child support.

For 1998, petitioner and Ms. Allison provided all (or virtually all) of the support of their five children.[3] Moreover, throughout that year, the children were continuously in the care of either petitioner or Ms. Allison. However, petitioner had physical custody of the children for less than half of the year, and his home was not their principal place of abode for more than half of the year.

---

[2](...continued)
instead that respondent execute the stipulation of facts and submit the case fully stipulated for decision by the Court on the merits. Respondent then undertook to do so.

[3] Like petitioner, both Ms. Allison and her second husband were employed in 1998. We note that in the case of the remarriage of a parent, such as Ms. Allison, support of a child received from the parent's new spouse is treated as received from the parent. Sec. 152(e)(5).

Petitioner timely filed a U.S. Individual Income Tax Return, Form 1040, for 1998, reporting wages of $26,093 and adjusted gross income of $22,632. On his return, petitioner designated his filing status as "head of household", and he claimed (1) deductions for dependency exemptions for his five children, (2) an earned income credit, and (3) a child tax credit (on line 43 of Form 1040) and an additional child tax credit (on line 60 of Form 1040). Petitioner did not attach to his return Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, or any other declaration or statement from Ms. Allison agreeing not to claim exemptions for any of their five children on her return for the year in issue. In contrast, petitioner did attach to his return Form 8812, Additional Child Tax Credit.

In the notice of deficiency, respondent determined that petitioner's filing status was "single" rather than "head of household". Respondent also determined that petitioner was not entitled to: (1) Deductions for dependency exemptions, (2) an earned income credit, or (3) a child tax credit and additional child tax credit.

In his petition, petitioner admits that he had physical custody of his children for less than half of the year, but alleges that he maintained a residence for them and provided over 60 percent of their support.

Discussion[4]

    A.  Deductions for Dependency Exemptions

    Section 151(a) authorizes deductions for the exemptions provided by that section.  In particular, section 151(c)(1) provides an exemption for each of a taxpayer's dependents as defined in section 152.

    Section 152(a)(1) defines the term "dependent" to include a taxpayer's child, provided that more than half of the child's support was received from the taxpayer or is treated under section 152(e) as received from the taxpayer.

    In the case of a child of divorced parents, section 152(e)(1) provides as a general rule that the child shall be treated as receiving over half of his or her support from the custodial parent.  In the event of so-called split or joint custody, "'custody' will be deemed to be with the parent who, as between both parents, has the physical custody of the child for the greater portion of the calendar year."  Sec. 1.152-4(b), Income Tax Regs.  Thus, in the present case, because Ms. Allison had legal custody of the five children throughout 1998 (as well as physical custody for more than half that year) she was the custodial parent in 1998, and petitioner was the noncustodial

---

[4] We decide the issues in this case without regard to the burden of proof.  Accordingly, we need not decide whether the general rule of sec. 7491(a)(1) is applicable in this case.  See Higbee v. Commissioner, 116 T.C. 438 (2001).

parent.

Section 152(e)(2) provides an exception to the general rule of section 152(e)(1). Pursuant to that exception, the child shall be treated as receiving over half of his or her support from the noncustodial parent if:

> (A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and

> (B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.[5]

See sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).

The declaration required by section 152(e)(2)(A) must be made on either Form 8332 or on a statement conforming to the

---

[5] A second exception to the general rule of sec. 152(e)(1) exists for certain pre-1985 instruments. See sec. 152(e)(4). Pursuant to that exception, a child of divorced parents shall be treated as receiving over half of his or her support from the noncustodial parent if:

> (i) a qualified pre-1985 instrument between the parents * * * provides that the noncustodial parent shall be entitled to any deduction allowable under section 151 for such child, and

> (ii) the noncustodial parent provides at least $600 for the support of such child during such calendar year.

In view of the fact that petitioner and Ms. Allison divorced in or about 1995, this second exception does not apply to the present case. Sec. 152(e)(4)(B)(i).

substance of that form.  Id.; Miller v. Commissioner, 114 T.C. 184, 189 (2000).  "The exemption may be released for a single year, for a number of specified years (for example, alternate years), or for all future years, as specified in the declaration."  Sec. 1.152-4T(a), Q&A-4, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).

In the present case, Ms. Allison, as the custodial parent, did not sign Form 8332 or any written declaration or statement agreeing not to claim exemptions for any of the five children, and no such form, declaration, or statement was attached to petitioner's return for the year in issue.  It follows, therefore, that the exception set forth in section 152(e)(2) does not apply and that the general rule of section 152(e)(1) does apply.  Accordingly, petitioner is not entitled to deductions for dependency exemptions for any of his five children for 1998. Sec. 152(e)(1); Miller v. Commissioner, supra.

In view of the foregoing, we sustain respondent's determination on this issue.

B.  Child Tax Credit and Additional Child Tax Credit

Section 24(a) authorizes a child tax credit with respect to each "qualifying child" of the taxpayer.  Section 24(d) authorizes an additional child tax credit for families with three or more "qualifying" children.

The term "qualifying child" is defined in section 24(c).  As relevant herein, a "qualifying child" means an individual with respect to whom the taxpayer is allowed a deduction under section 151.  Sec. 24(c)(1)(A).

We have already held that petitioner is not entitled to a deduction under section 151 for a dependency exemption for any of his children.  Accordingly, none of petitioner's children is a "qualifying child" within the meaning of section 24(c).  It follows, therefore, that petitioner is not entitled to a child tax credit under section 24(a) and an additional child tax credit under section 24(d) in respect of his children.

In view of the foregoing, we sustain respondent's determination on this issue.

C.  Filing Status

As relevant herein, an individual qualifies as a head of household if the individual is not married at the close of the taxable year and maintains as his or her home a household that constitutes for more than one-half of the taxable year, the principal place of abode of a son or daughter of the taxpayer.  See sec. 2(b)(1)(A)(i).

Although petitioner may have maintained a residence for his children, petitioner had physical custody of his children for less than half of the year, and his residence was not the principal place of abode of any of his children for more than

half of the year.  It follows, therefore, that petitioner is not entitled to head of household filing status.

In view of the foregoing, we sustain respondent's determination on this issue.

### D.  Earned Income Credit

In the case of an eligible individual, section 32(a) allows an earned income credit against the individual's income tax liability.  As relevant herein, an "eligible individual" is defined as an individual who has a "qualifying child" for the taxable year.[6]  Sec. 32(c)(1)(A)(i).

To be a "qualifying child", an individual must, inter alia, have the same principal place of abode as the taxpayer for more than half of the taxable year.  Sec. 32(c)(3)(A)(ii).  Petitioner had physical custody of his children for less than half of the year, and his residence was not the principal place of abode of any of his children for more than half of the year.  It follows, therefore, that petitioner is not entitled to an earned income credit.

---

[6]  An individual may be eligible for an earned income credit even if the individual does not have a "qualifying child" for the taxable year.  Sec. 32(c)(1)(A)(ii).  However, as relevant herein, such an individual would be eligible only if the individual's adjusted gross income were less than $10,030.  In the present case, petitioner's adjusted gross income was $22,632; accordingly, petitioner would not be eligible for an earned income credit without a "qualifying child".

In view of the foregoing, we sustain respondent's determination on this issue.

E.  Conclusion

Reviewed and adopted as the report of the Small Tax Case Division.

To give effect to our disposition of the disputed issues,

Decision will be entered

for respondent.